UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESE SWENSON,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORP., et al.,<br><br>        Defendants. | No. 2:14-cv-02629-KJM-CMK<br><br>ORDER |

The National Railroad Passenger Corporation, commonly known as Amtrak, moves to dismiss Therese Swenson's fifth amended complaint. The court held a hearing on the motion on July 29, 2016. Barbara Norman appeared for Ms. Swenson and Michael Murphy appeared for Amtrak. The motion is denied.

I.    BACKGROUND

As discussed in this court's two previous orders, ECF Nos. 23 & 42, Therese Swenson alleges she was wrongly expelled from an Amtrak train in Kelso, Washington on her way home to Dunsmuir, California from Seattle. In her original complaint and first amended complaint, filed before she was represented by counsel, she alleged Amtrak conductors had refused her request to use more than one seat. She wanted to "stretch out across two seats if available." First Am. Compl. at 11, ECF No. 6. According to this complaint, conductors said,

1

1  "No, if you want to sit on two seats you have to pay for two." *Id.* Amtrak called the police, Ms.
2  Swenson apparently refused to move, and she was arrested, handcuffed, and charged with
3  trespassing. *See id.* Ms. Swenson originally asserted claims for breach of contract and
4  intentional infliction of emotional distress. Amtrak moved to dismiss, and Swenson hired an
5  attorney. The motion was denied with respect to the contract claim and otherwise granted with
6  leave to amend.

7  Swenson amended and asserted claims for breach of contract, intentional infliction
8  of emotional distress, and negligent infliction of emotional distress. In contrast with her previous
9  complaints, she alleged Amtrak had forbidden her from moving between empty seats rather than
10 from using two seats at once. *See* Third Am. Compl. ¶ 1–4, ECF No. 25.[1] Swenson also alleged
11 claims against the individual conductors.

12 Amtrak moved to dismiss the emotional distress claims, but not the contract claim,
13 and moved to strike various allegations. The court granted the motion to dismiss, granted the
14 motion to strike in part, and dismissed the contract claim on its own motion. Swenson had not
15 explained the factual inconsistency between her original and amended allegations, she had
16 attempted to incorporate her contract claim by reference, and her allegations did not allow the
17 court to infer that Amtrak had intentionally caused her emotional distress. She was allowed a
18 final amendment.

19 In the current complaint, the Fifth Amended Complaint,[2] ECF No. 46, Swenson
20 asserts two claims: breach of contract and negligence. She again alleges Amtrak forbade her
21 from moving between seats, not that it denied her request to occupy more than one seat.

22 Amtrak now moves to dismiss the negligence claim, but not the contract claim.
23 ECF No. 48. It argues that Swenson still has not explained her inconsistent allegations and that

---

[1] The complaint was titled "Third Amended Complaint" even though Swenson never filed a second amended complaint.

[2] Swenson filed a Fourth Amended Complaint and afterward requested leave to file a Fifth Amended Complaint to correct typographical and similar small errors. Amtrak did not oppose the request, which was granted in a short written order. ECF No. 45.

her allegations are not analogous to others California courts have allowed to proceed against common carriers. Swenson opposes the motion, ECF No. 50, and Amtrak replied, ECF No. 52.

II. <u>LEGAL STANDARD</u>

As summarized in this court's previous order,

> A defendant may move to dismiss for failure to state a claim upon which relief can be granted. The motion may be granted only if the complaint lacks a cognizable legal theory or if its factual allegations do not support a cognizable legal theory. The court assumes these factual allegations are true and draws reasonable inferences from them.
>
> A complaint need contain only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. But this rule demands more than unadorned accusations; sufficient factual matter must make the claim at least plausible. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. Evaluation under Rule 12(b)(6) is a context specific task drawing on judicial experience and common sense.

Order Apr. 19, 2016, at 5, ECF No. 42 (citations and quotation marks omitted).

III. <u>DISCUSSION</u>

The parties' dispute over Swenson's clearly inconsistent allegations is at most tangentially relevant to her negligence claim and is not dispositive. Whether or not Amtrak ejected her wrongfully, it faces liability in tort. On this point the court does not entertain Amtrak's argument, raised for the first time at hearing, that its actions were permissible under sections 2185–2188 of the California Civil Code. These citations were absent from Amtrak's briefing in all three of its motions to dismiss.[3] Considering the argument now would either deprive Ms. Swenson of a chance to be heard or cause unnecessary delay in this already delayed case, or both. *See, e.g.*, *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1168 n.84 (C.D. Cal. 2013).

Amtrak's negligence liability does not directly depend on whether it ejected Swenson for a good reason: "a common carrier that ejects a passenger at a place other than the designated destination and in doing so subjects the passenger to reasonably foreseeable injury,

---

[3] At hearing, counsel offered a particularly dissatisfying explanation for the omission, saying an associate had prepared the legal memorandum submitted with his client's motion.

1   violates a common carrier's affirmative duty to prevent harm to its passengers." *Ingham v. Luxor*
2   *Cab Co.*, 93 Cal. App. 4th 1045, 1051 (2001).  The carrier's liability in tort and contract are not
3   mutually exclusive in this respect.  *See id.* (citing *Sloane v. S. Cal. Ry. Co.*, 111 Cal. 668, 677
4   (1896)); *see also* Fed. R. Civ. P. 8(d)(2)–(3) ("A party may set out 2 or more statements of a
5   claim or defense alternatively or hypothetically, either in a single count or defense or in separate
6   ones. . . . A party may state as many separate claims or defenses as it has, regardless of
7   consistency.").

8         Whether Swenson wanted to occupy one seat or two, Amtrak expelled her before
9   she reached her destination, and she alleges the expulsion caused her monetary losses,
10  inconvenience, physical discomfort, emotional distress, and other related damages, which Amtrak
11  could plausibly have foreseen.  These allegations support her claim for negligence.

12        Amtrak also argues Ms. Swenson's situation is not comparable to those of the
13  plaintiffs in *Ingham* and *Sloane*.  In *Sloane*, the plaintiff had purchased a train ticket from North
14  Pomona to San Diego via San Bernardino.  111 Cal. at 675–76.  She was scheduled to switch
15  trains in San Bernardino, but before she did, the conductor took her ticket.  The conductor on the
16  new train demanded her ticket, and she could not produce it.  She had no money, so she was left
17  in East Riverside.  She began a three-mile walk to a nearby town but caught a ride "in a passing
18  vehicle" for part of the way, then stayed overnight with her sister-in-law and borrowed money for
19  a new ticket.  She sued the railroad, and the jury awarded her money damages for her troubles and
20  the indignity she suffered at the hands of the conductor.  *See id.* at 676–78.  The railroad's motion
21  for a new trial was denied, and the California Supreme Court agreed the passenger could pursue a
22  tort claim.

23        In *Ingham*, a fifty-seven-year-old plaintiff who suffered from kidney failure was
24  ejected from a taxi cab while on her way to the dentist in San Francisco.  93 Cal. App. 4th
25  at 1048–49.  The cab driver left her at the bottom of the hill below the dentist's office.  She
26  pleaded with him not to deposit her there, explaining she could not walk up the hill and showing
27  him her cane, but he refused.  She fell and broke her hip while attempting to climb the hill, and
28  then sued the cab company.  The trial court granted the company's motion for summary judgment

because it found the company owed the plaintiff no duty, whether in contract or tort. The Court of Appeal disagreed, reversed, and remanded. After reciting the rule of *Sloane* and similar previous decisions, it explained further that a common carrier may face liability in negligence even if it ejects a person in a safe place. *Id.* at 1052. The court wrote, "Damages may be had for harm suffered in leaving the discharge point, whether it be physical injury, illness due to weather conditions during the walk, or inconvenience caused by the ejectment." *Id.* (citations omitted).

*Sloane* and *Ingham* are comparable to this case in all relevant respects: Amtrak allegedly ejected Ms. Swenson from the train before she reached her agreed destination, it knew she was elderly and experienced discomfort in her legs, and Swenson alleges she suffered physical pain, inconvenience, humiliation, and emotional distress as a result.

That said, Amtrak cannot be liable for damages it did not cause. Proximate or legal cause is an element of any tort claim. *See, e.g.*, *Ingham*, 93 Cal. App. 3rd at 1054–58. Amtrak may therefore prevail if Swenson's damages all are attributable to her own actions or the Kelso police. But this is a factual question for another day. "Factual questions regarding proximate cause generally must be decided at the summary judgment stage or at trial, not on a motion to dismiss." *Cellco P'ship v. Hope*, No. 11-0432, 2011 WL 3159172, at *2 (D. Ariz. July 26, 2011) (citing *Newcal Indus., Inc. v. Ikon Office Sols.*, 513 F.3d 1038, 1055 (9th Cir. 2008)).

IV.   CONCLUSION

The motion to dismiss is **denied**. This order resolves ECF No. 48.

IT IS SO ORDERED.

DATED: August 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

5